## IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

| | |
|---|---|
| **PHILIP E. MCNAUGHT,** | Case No. 122494 |
| Plaintiff, | |
| v. | **PETITION AT LAW & JURY DEMAND** |
| **CPC LOGISTICS, INC., and** | |
| **JOHN F. FITZGERALD, individually and** | |
| **in his corporate capacity** | |
| Defendants. | |

COMES NOW the Plaintiff, Philip E. McNaught, by and through his attorney, and for his cause of action against Defendants, CPC Logistics, Inc. and John F. Fitzgerald, states the following:

### JURISDICTION AND VENUE

1.      The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Scott County.

2.      The unlawful employment acts alleged below were committed within Scott County, State of Iowa; therefore, venue is proper in this Court.

### PARTIES

3.      The Plaintiff, Philip E. McNaught ("McNaught"), is a citizen and resident of Kewanee, Henry County, Illinois.

4.      Defendant CPC Logistics, Inc. ("CPC") is a corporation authorized to conduct business in Iowa and doing business in Iowa with an office in Davenport, Scott County, Iowa.

5.      Defendant John F. Fitzgerald, ("Fitzgerald") is, and has been at all times material hereto a citizen and resident of Clinton County, Iowa and a CPC Logistics, Inc. managerial or

1

supervisory employee who personally participated in the unlawful employment actions described herein.

## CONDITIONS PRECEDENT

6.      McNaught filed, within 300 days of the date of the most-recent act of which he complains, charges against CPC with the Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Iowa Civil Rights Commission ("ICRC") and is incorporated herein by this reference, a copy of which is attached hereto as Exhibit 1.

7.      On approximately February 28, 2013, less than 90 days prior to the filing of this Petition, the EEOC issued a Notice of Right to Sue with regard to McNaught's charges, a copy of which is attached hereto as Exhibit 2.

8.      On approximately March 27, 2013, less than 90 days prior to the filing of this Petition, the ICRC issued an Administrative Release (Letter of Right-to-Sue) with regard to McNaught's charges, a copy of which is attached hereto as Exhibit 3.

9.      McNaught has complied with all conditions precedent to the filing of this cause of action.

## FACTUAL BACKGROUND

10.     McNaught began working for CPC as a truck driver on October 9, 2000.

11.     During late October 2001, McNaught was diagnosed with bladder cancer and underwent surgery and radiation treatment for the cancer until late January, 2003.

12.     Due to the bladder cancer and treatment, McNaught was unable to work for CPC from the end of October, 2001 until late January, 2003.

13.     During late January, 2003 McNaught returned to work at CPC with no restrictions.

2

14.     On or about June 3, 2010, McNaught's physician imposed upon him work restrictions that prevented him from accepting assignments that required him to drive with a team member.

15.     On or about June 5, 2010, McNaught reported these restrictions to Defendants and requested a reasonable accommodation.

16.     Defendant Fitzgerald was an employee and/or agent of Defendant CPC, acting at all material times within the scope of his agency and/or employment. Fitzgerald was, at all material times, McNaught's supervisor and CPC's Regional Manager.

17.     Defendants ultimately denied McNaught's request for an accommodation.

18.     On June 20, 2011, Defendants issued a letter to McNaught to "confirm" his "lay-off from the employ of CPC Logistics" as of July 2, 2011.

19.     On or about June 22, 2011, after receiving the letter, McNaught complained to Defendants about the letter and the discrimination he experienced and again asked Defendants for a reasonable accommodation.

20.     Defendants again denied McNaught's request for a reasonable accommodation.

21.     McNaught was to be "laid off" beginning on July 2, 2011. However, Defendants allowed McNaught to use his accrued vacation time from June 26, 2011 through July 9, 2011. McNaught received paychecks for this two-week period, from which Defendants deducted medical insurance premiums.

22.     During the last week of June, 2011, McNaught incurred medical bills related to his condition that totaled approximately $6,300.00.

23.     However, Defendants refused to pay medical bills incurred by McNaught after June, 23, 2011. Instead, Defendants claimed McNaught had been "terminated" on June 23, 2011.

24. McNaught called Defendants and complained. Specifically, McNaught pointed out the deductions from each of his paychecks through July 9, 2011. Defendants then direct-deposited a check within McNaught's account that purported to refund McNaught's insurance premium after McNaught had made claims for his medical expenses.

## COUNT I
### Disability Discrimination
### Iowa Code, Chapter 216, Iowa Civil Rights Act
### (Against All Defendants)

25. McNaught realleges paragraphs 1-24 of this Petition as if fully set forth herein.

26. Defendants are employers and/or are otherwise subject to Iowa Code, Chapter 216 ("Iowa Civil Rights Act").

27. CPC employed McNaught from October 9, 2000 until the termination of his employment on July 9, 2011.

28. During his employment with Defendants, McNaught suffered from a physical condition that included cancer within his bladder.

29. McNaught is a person with a disability as defined within Iowa Code, Section 216.2(5) and his condition constitutes a disability under the Iowa Civil Rights Act.

30. Defendants discriminated against McNaught by engaging in several acts against McNaught including, but not limited to, terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was qualified, misrepresenting that McNaught had declined to bid for such employment and refusing to pay for McNaught's medical expenses incurred while working for CPC, because of McNaught's disability.

31. Defendants' acts and/or omissions violated the Iowa Civil Rights Act.

32. As a proximate result of the Defendants' discriminatory acts and/or omissions, McNaught has suffered damages.

33.     Because the Defendants engaged in intentional discrimination with malice and/or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

<u>COUNT II</u>
**Failure to Accommodate**
**Iowa Code, Chapter 216, Iowa Civil Rights Act**
**(Against All Defendants)**

34.     McNaught realleges paragraphs 1-33 of this Petition as if fully set forth herein.

35.     Defendants are employers and/or are otherwise subject to the Iowa Civil Rights Act.

36.     McNaught was qualified for his position with CPC and all positions he sought.

37.     McNaught was able to perform the essential functions of his position with or without a reasonable accommodation.

38.     Defendants failed to reasonably accommodate McNaught or otherwise engage in an interactive process in good faith to identify a reasonable accommodation for him.

39.     Defendants' acts and/or omissions, including but not limited to terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was qualified, misrepresenting that McNaught had declined to bid for such employment and

5

refusing to pay for McNaught's medical expenses incurred while working for CPC, violated the Iowa Civil Rights Act.

40.    As a proximate result of the Defendants' acts and/or omissions, McNaught has suffered damages.

41.    Because the Defendants engaged in intentional discrimination with malice and/or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

**COUNT III**
**Retaliation for**
**Seeking Reasonable Accommodation and**
**Complaining about Discrimination**
**Iowa Code, Chapter 216, Iowa Civil Rights Act**
**(Against All Defendants)**

42.    McNaught realleges paragraphs 1-41 of this Petition as if fully set forth herein.

43.    Defendants are employers and/or are otherwise subject to the Iowa Civil Rights Act.

44.    McNaught's requests for an accommodation and complaint to Defendants were motivating factors in the Defendants' decision to retaliate against McNaught.

45.    Defendants' retaliation included, but was not limited to, terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was

qualified, misrepresenting that McNaught had declined to bid for such employment and refusing to pay for McNaught's medical expenses incurred while working for CPC.

46.     Defendants' acts and/or omissions violated the Iowa Civil Rights Act.

47.     The justification offered by Defendants for the aforementioned retaliatory actions was pretextual.

48.     As a proximate result of Defendants' acts and/or omissions, McNaught has suffered damages.

49.     Because the Defendants engaged in intentional discrimination and retaliation with malice or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

**COUNT IV**
**Disability Discrimination**
**Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.**
**(Against CPC)**

50.     McNaught realleges paragraphs 1-49 of this Petition as if fully set forth herein.

51.     CPC is an employer and is subject to 42 U.S.C. § 12112 et seq., the Americans with Disabilities Act ("Americans with Disabilities Act").

52.     McNaught is a person with a disability as defined within the Americans with Disabilities Act.

53.     The acts and/or omissions of CPC including, but not limited to, terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was qualified, misrepresenting that McNaught had declined to bid for such employment and refusing to pay for McNaught's medical expenses incurred while working for CPC, violated the Americans with Disabilities Act.

54.     As a proximate result of the acts and/or omissions of CPC, McNaught has suffered damages.

55.     Because CPC engaged in intentional discrimination with malice and/or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendant CPC in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT V
### Failure to Accommodate
### Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.
### (Against CPC)

56.     McNaught realleges paragraphs 1-55 of this Petition as if fully set forth herein.

57.     CPC is an employer and is subject to the Americans with Disabilities Act.

58.     McNaught was qualified for his position with CPC and all positions he sought.

59.     McNaught was able to perform the essential functions of his position with or without a reasonable accommodation.

60.     CPC failed to reasonably accommodate McNaught or otherwise engage in an interactive process in good faith to identify a reasonable accommodation for him.

61.     The acts and/or omissions of CPC including, but not limited to, terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was qualified, misrepresenting that McNaught had declined to bid for such employment and refusing to pay for McNaught's medical expenses incurred while working for CPC, violated the Americans with Disabilities Act.

62.     As a proximate result of the acts and/or omissions of CPC, McNaught has suffered damages.

63.     Because CPC engaged in intentional discrimination with malice and/or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendant CPC in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## COUNT VI
### Retaliation for
### Seeking Reasonable Accommodation and
### Complaining about Discrimination
### Americans with Disabilities Act, 42 U.S.C. § 12112 et seq.
### (Against CPC)

64.    McNaught realleges paragraphs 1- 63 of this Petition as if fully set forth herein.

65.    CPC is an employer and is subject to the Americans with Disabilities Act.

66.    McNaught's requests for an accommodation and complaint to Defendants were motivating factors in the Defendants' decision to retaliate against McNaught.

67.    Defendants' retaliation included, but was not limited to, terminating McNaught's employment, informing McNaught that he could not bid for employment for which he was qualified, misrepresenting that McNaught had declined to bid for such employment and refusing to pay for McNaught's medical expenses incurred while working for CPC.

68.    Defendants' acts and/or omissions violated the Americans with Disabilities Act.

69.    The justification offered by Defendants for the aforementioned retaliatory actions was pretextual.

70.    As a proximate result of Defendants' acts and/or omissions, McNaught has suffered damages.

71.    Because the Defendants engaged in intentional discrimination and retaliation with malice or with reckless indifference to McNaught's rights, McNaught is entitled to punitive damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendant CPC in an amount that will fully and fairly compensate him for his injuries and damages, including damages for lost wages, lost benefits, emotional distress, mental anguish and compensatory relief, for punitive damages in an amount sufficient to deter others, for

interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act and the Americans with Disabilities Act.

## COUNT VII
### Fraudulent Misrepresentation
### (Against all Defendants)

72.     McNaught realleges paragraphs 1-71 of this Petition as if fully set forth herein.

73.     On or about June 22, 2011, Defendants represented to McNaught that he could not bid for, and/or would not be eligible to bid for, jobs that would become available in December, 2011.

74.     The representation made by Defendants was false.

75.     The representation made by Defendants was material.

76.     Defendants knew the representation was false.

77.     Defendants intended to deceive McNaught.

78.     McNaught acted in reliance upon the truth of the representation made by Defendants and was justified in relying upon the representation.

79.     As a result of the representation made by made by Defendants, McNaught incurred damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendants, jointly and severally, in an amount that will fully and fairly compensate him for his injuries and damages, for punitive damages, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other and further relief as the Court deems just and equitable.

11

## COUNT VIII
### Intentional Interference with Contract
### (Against Fitzgerald)

80.   McNaught realleges paragraphs 1-79 of this Petition as if fully set forth herein.

81.   McNaught had a contract or employment with CPC such that he could not be dismissed for reasons that contradicted the Iowa Civil Rights Act or Title VII or that otherwise were against public policy or contradicted federal or state law.

82.   Fitzgerald knew or should reasonably have known of the contract.

83.   Fitzgerald intentionally and improperly interfered with the contract by advocating that McNaught be terminated and/or by informing McNaught in July 2011 that he could not bid/apply for a the spotter job that would become available in December, 2011.

84.   The interference of Fitzgerald deceived McNaught and caused McNaught not to perform the contract with CPC or bid/apply for one or more jobs that would become available in December 2011.

85.   The interference of Fitzgerald caused CPC not to perform the contract with McNaught because it believed McNaught was not eligible for and/or could not perform one or more jobs that would become available in December 2011.

86.   In the alternative, the interference of Fitzgerald caused CPC not to perform the contract with McNaught because CPC believed McNaught had declined one or more jobs that would become available in December 2011.

87.   As a result of the interference of Fitzgerald, McNaught has incurred damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendant Fitzgerald in an amount that will fully and fairly compensate him for his injuries and damages, for punitive damages, for interest as allowed by law, for attorney's fees, for the

costs of this action, for appropriate equitable and injunctive relief, and for such other and further relief as the Court deems just and equitable.

**COUNT IX**
**Intentional Interference with Prospective Business Advantage**
**(Against Fitzgerald)**

88.     McNaught realleges paragraphs 1-87 of this Petition as if fully set forth herein.

89.     McNaught has a prospective contractual relationship/business relationship with CPC.

90.     Fitzgerald knew of the prospective contractual relationship/business relationship.

91.     Fitzgerald intentionally and improperly interfered with the prospective contractual relationship/business relationship by advocating that McNaught be dismissed and/or by informing McNaught that he could not bid/apply for one or more jobs that would become available in December, 2011.

92.     The interference of Fitzgerald caused CPC not to continue the prospective contractual relationship/business relationship because it believed McNaught was not eligible for one or more jobs that would become available in December 2011 and/or it believed that McNaught had declined one or more jobs that would become available in December, 2011.

93.     As a result of the interference of Fitzgerald, McNaught has incurred damages.

WHEREFORE the Plaintiff, Philip E. McNaught, respectfully prays that this Court enter judgment against Defendant Fitzgerald in an amount that will fully and fairly compensate him for his injuries and damages, for punitive damages, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

COMES NOW the Plaintiff, Philip E. McNaught, and hereby demands a trial by jury of all facts and issues giving rise to the above-entitled matter.

Date: <u>May 23, 2013</u>

Respectfully Submitted,

**FLYNN LAW FIRM, P.L.C.**

E.J. Flynn  AT0009633
Flynn Law Firm, P.L.C.
12257 University Ave., Ste. 200
Clive, Iowa 50325
Telephone: (515) 710-8571
Facsimile: (515) 255-8681
E-mail: ejflynn@flynnlawia.com

ATTORNEY FOR PLAINTIFF

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | 440-2012-01828 |

| Iowa Civil Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Philip McNaught | (309) 854-2039 | 02-27-1953 |

| Street Address | City, State and ZIP Code |
|---|---|
| 711 Wilbur Street, Kewanee, IL 61443 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CPC LOGISTICS INC. | 101 - 200 | (563) 386-1688 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3690 West 83rd Street, Suite 10, Davenport, IA 52806 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED EEOC

FEB 1 0 2012

CHICAGO DISTRICT OFFICE

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 06-20-2011 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on or about October 9, 2000. I was employed as a Truck Driver. Respondent was aware of my disability. During my employment, Respondent provided a reasonable accommodation, which was subsequently rescinded. On or about June 20, 2012, I was discharged.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 2-7-2012 _____ Date   X _Philip E. McNaught_ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**EXHIBIT**

_1_

Philip McNaught
711 Wilbur Street
Kewanee, Illinois 61443
Phone 309-854-2039  cell

January 23, 2012

500 West Madison Street
Suite 2000
Chicago, Illinois 60661

Dear Sir or Madam:

I am a truck driver. The company has single & team runs that are bid on every 6 months. (Dec,June)

In Aug. 2010 I turned in a Doctors slip, which stated I could not drive in a team operation. Team

Driving is when 1 driver drives till there 11 hrs drive time is up then the other driver gets out of bed

And drives their 11 hrs while the other driver goes in the bunk for their 10 hr. break, which I can't do

With this Ostomy bag. In Dec. bid I was allowed to bid a solo run which required I be able to team

Drive which I never did. In June I was told I would be laid off at the end of June if no single runs

were available that didn't require being able to team.

   June20, 2011 I received a letter that as of July 2nd 2011 I was going on layoff. I had 2 weeks

Vacation coming so I put in my vacation request for the weeks of June 26th to July 8th which was

Approved. I had some medical appointments to take care of anyway while I still had insurance.

Medical ins. Was Taken out of wages received for vacation pay. July 20th 2011 I received a letter

From UMR INS. Stating my ins. would be terminated on 7-03-2011 BUT ALL CLAIMS WERE

DENIED FOR 6-26 THRU 7-03-2011   7-29-2011 I was reimbursed for ins. Premiums taken out of

Wages.

   I felt I was discriminated against when I was allowed to bid a run that required I be able to team, then

6 mos. Later they tell me I had to bid a solo run or go on layoff 7-2-2011

*January 23, 2012*
*Page 2*

The company is

CPC LOGISTICS INC.

3690 West 83rd Street, Suite 10

Davenport, Ia. 52806

Copies sent of layoff

Vacation request

Pay check stubs

Ins. letter

Sincerely,

Philip McNaught



June 20, 2011


Mr. Phil McNaught
711 Wilbur Street
Kewanee, IL 61443

RE: Lay-Off - Indefinite

Dear Phil:

This will confirm your lay-off from the employ of CPC Logistics Inc assigned to John Deere Shared Services at the Davenport, Iowa domicile

Your current restrictions do not allow you to perform all required job duties which include team operations and working in the yard at PDC in Milan, IL when required.

This lay off will be effective July 2, 2011 at the end of your shift.

If you have any questions, please give me a call.

Sincerely,

John F Fitzgerald
Regional Manager

cc:     Personnel File
        Larry Foltz-VP of Western Operations
        Jim Ponder-Division Manager
        Chad Olson- Fleet Supervisor
        Fleet Dispatch

REGIONAL OFFICE: 3690 West 83rd Street, Suite 10 • Davenport, IA 52606 • Phone: (563) 388-1681 • (800) 785-8663 • Fax: (563) 388-5331
CORPORATE OFFICE: 14528 S. Outer 40 Road • Suite 210 • Chesterfield, MO 63017 • Phone: (314) 542-2266 • (800) 274-3746 • Fax: (314) 542-0666
www.callcpc.com

  

**TIME OFF REQUEST/APPROVAL FORM**

This request must be submitted no later than fourteen (14) calendar days before
the time off is to begin.

DATE _6-17-11_

NAME _Phil McNaughby_

LOCATION _Davenport_

I request time off from _6-26-11_ to _7-9-11_
               (1st Day)      (Last Day)

Total number of days to be taken is _14_

Explanation for time off _Vacation_

DRIVER'S SIGNATURE: _Phil McNaughby_

DATE: _6-17-11_

DISPATCHER'S APPROVAL: _____

DATE _6-20-11_

OPERATIONS SUPERVISOR
APPROVAL: _____

DATE: _6-20-2011_

CPC Parts Delivery LLC

| Empl No | Employee Name | Batch | Pay Period | Check Date | Check No | Check Amount |
|---|---|---|---|---|---|---|
| 3460020049 | Philip E McNaught | 379 | 07/03/2011 - 07/09/2011 | 07/18/2011 | 1663399 | .00 |

| EARNINGS AND BENEFITS | | | | DEDUCTIONS AND BENEFITS | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Amount | Year-to-Date | Description | Amount | Year-to-Date | Type | Amount | Year-to-Date |
| Vacation pay | 0.000 | 46.00 | 1,133.44 | 3,397.32 | 401k - EE | 62.43 | 1,703.05 | Federal | 128.93 | 3,351.66 |
| Holiday Pay | 24.250 | 8.00 | 114.00 | 466.00 | S125-Ins EE | 85.70 | 1,836.10 | FICA - OASDI | 49.67 | 1,419.70 |
| | | | | | UMUM/Accident | 4.71 | 131.88 | FICA - Medicare | 17.15 | 490.15 |
| | | | | | UMUM/STDI | 4.71 | 131.88 | Illinois Tax | 56.00 | 1,513.05 |
| | | | | | TermLife Vol Ins | 10.17 | 264.76 | | | |
| | | | | | UMUM/CR-IL | 15.06 | 421.68 | | | |
| | | | | | DirDeposit | 933.89 | 23,322.85 | | | |

| Current Total Earnings | 1,248.44 | Current Total Deductions | 936.72 | Current Total Taxes | 251.73 |
|---|---|---|---|---|---|

---

CPC Parts Delivery LLC                Exemptions  (Fed:M0 State:M0)                DD 10/17/60. Exit TO C/F

| Empl No | Employee Name | Batch | Pay Period | Check Date | Check No | Check Amount |
|---|---|---|---|---|---|---|
| 3460020049 | Philip E McNaught | 378 | 06/26/2011 - 07/02/2011 | 07/09/2011 | 1663212 | 00 |

| EARNINGS AND BENEFITS | | | | DEDUCTIONS AND BENEFITS | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Amount | Year-to-Date | Description | Amount | Year-to-Date | Type | Amount | Year-to-Date |
| Vacation pay | 0.000 | 40.00 | 1,131.44 | 3,252.88 | 401k - EE | 56.57 | 1,640.62 | Federal | 113.23 | 3,222.76 |
| | | | | | S125-Ins EE | 85.70 | 1,769.37 | FICA - OASDI | 44.74 | 1,370.59 |
| | | | | | UMUM/Accident | 4.71 | 127.17 | FICA - Medicare | 15.45 | 413.30 |
| | | | | | UMUM/STDI | 4.71 | 127.17 | Illinois Tax | 59.00 | 1,457.05 |
| | | | | | TermLife Vol Ins | 10.17 | 254.59 | | | |
| | | | | | UMUM/CR-IL | 15.06 | 406.62 | | | |
| | | | | | DirDeposit | 952.00 | 22,388.98 | | | |

| Current Total Earnings | 1,131.44 | Current Total Deductions | 909.36 | Current Total Taxes | 232.4 |
|---|---|---|---|---|---|

---

CPC Parts Delivery LLC                Exemptions  (Fed:M0 State:M0)

| Empl No | Employee Name | Batch | Pay Period | Check Date | Check No | Check Amount |
|---|---|---|---|---|---|---|
| 3460020049 | Philip E McNaught | 362 | 07/17/2011 - 07/23/2011 | 07/29/2011 | 1663837 | .00 |

| EARNINGS AND BENEFITS | | | | DEDUCTIONS AND BENEFITS | | | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours | Amount | Year-to-Date | Description | Amount | Year-to-Date | Type | Amount | Year-to-Date |
| | | | | | S125 Ins EE | 431.64 | 1,704.64 | Federal | 2.0 | 3,353.0 |
| | | | | | DirDeposit | 93.39 | 23,339.93 | FICA - OASDI | 5.93 | 1,425.2 |
| | | | | | | | | FICA - Medicare | 1.91 | 492.0 |
| | | | | | | | | Illinois Tax | 4.0 | 1,517. |

| Current Total Earnings | .00 | Current Total Deductions | 14.44 | Current Total Taxes | 13.9 |
|---|---|---|---|---|---|

Dear Mr. & Mrs. MCNAUGHT

This notice contains important information about your right to continue your health care coverage in the CPC LOGISTICS INC. Group Health Plan (the Plan).

Please note, COBRA DOES NOT include Life Insurance.  You may be eligible to continue your life insurance policy under a separate conversion plan.  If you are interested in covering your life insurance policy, please contact the Medical Benefits Department at CPC, phone number 1-800-274-3746, within 31 days of your coverage termination or the date of this notice, whichever is later, full information will be sent to you.

Please read the information contained in this notice very carefully. This notice provides important information concerning your rights and what you have to do to continue your health care coverage under the Plan for you and your covered dependents, if any, as defined on the enclosed Family Member Enrollment Form. If you have any questions concerning the information in this notice or your rights to coverage, you should contact:

        UMR
        COBRA Department
        1-800-523-9398 Option #3

If you are eligible to continuation of coverage and you do not elect to continue your health care coverage by completing the enclosed "Enrollment Form and returning it to us, your coverage under the Plan will not be in force as of 07/03/2011 due to:

        Termination

Each of the following qualified beneficiaries is being offered continuation under the Plan:


MCNAUGHT, MARGIT

Because of the above event that will end your coverage under the Plan, you may be entitled to continue your health care coverage for up to 18 months. If you elect to continue your coverage under the Plan, your continuation coverage will begin on 07/03/2011 and can last until 01/03/2013, if the appropriate premiums are paid on time.


IMPORTANT -- To elect continuation coverage, you MUST complete the enclosed "Enrollment Form" and return it to us. You MUST mail it to the address shown on the Enrollment Form. The completed Enrollment Form must be post-marked by 09/25/2011. If you do not submit a completed Enrollment Form by this date, you will lose your right to elect continuation coverage. Note:

EEOC Form 161 (11/09)

## U.S. Equal Employment Opportunity Commission

### Dismissal and Notice of Rights

| | |
|---|---|
| To:   Philip McNaught<br>711 Wilbur Street<br>Kewanee, IL 61443 | From:   Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 800<br>Milwaukee, WI 53203 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2012-01828 | Aurora  Cheong-Ojeda,<br>Enforcement Supervisor | (414) 297-1112 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge
- [X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.
- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

| | | |
|---|---|---|
| | On behalf of the Commission | FEB 2 8 2013 |
| Enclosures(s) | John P. Rowe,<br>Director | (Date Mailed) |

cc:

| | |
|---|---|
| CPC LOGISTICS INC.<br>3690 West 83rd Street<br>Suite 10<br>Davenport, IA 52806 | George L. Lenard<br>HARRIS DOWELL FISHER & HARRIS<br>1540 South Outer Forty<br>Suite 202<br>Chesterfield, MO 63017 |

**EXHIBIT**

2

*414-291-5226*

*EEOC* 800 669-4000 *AURORA.*
*Milwaukee* *Choose-Ojeda*



Fields of opportunities

# STATE OF IOWA

TERRY BRANSTAD, GOVERNOR
KIM REYNOLDS, LT. GOVERNOR

IOWA CIVIL RIGHTS COMMISSION
BETH TOWNSEND
EXECUTIVE DIRECTOR

4/23/2012

MR. PHILIP MCNAUGHT
711 WILBUR ST
KEWANEE, IL 61443

RE: CP# 04-12-62398
EEOC# 440-2012-01828C

MR. PHILIP MCNAUGHT v CPC LOGISTICS INC.,

Dear MR. PHILIP MCNAUGHT:

The Equal Employment Opportunity Commission (EEOC) forwarded your complaint cited above for filing with our office as required by law. The complaint charges CPC LOGISTICS INC. with a violation of Iowa Code Chapter 216. A date-stamped copy is enclosed.

As EEOC is initially processing your complaint, ICRC will delay taking any action until EEOC completes its work. Therefore, any papers or documents that would aid in the investigation of your complaint should be forwarded to the address listed below. Please keep a copy of everything you send.

U.S. Equal Employment Opportunity Commission
Milwaukee District Office
310 West Wisconsin Avenue, Suite 800
Milwaukee, Wisconsin 53203

After EEOC completes its initial processing, the Iowa Civil Rights Commission may review EEOC's findings to determine whether or not to investigate further.

You may request a letter granting you the right to sue in State District Court. Please read the enclosed Information Sheet regarding 'Right-to-Sue' letters. You need to be aware you can request this letter sixty (60) days after your complaint has been filed under certain conditions listed below:

1. If ICRC has not yet made a determination of No Probable Cause, Not Timely Filed or Not Jurisdictional; **or**
2. If ICRC has not yet negotiated a settlement; **or**
3. If ICRC has not proceeded to setting a date for an Administrative Hearing.

We suggest consulting an attorney before requesting a Right-to-Sue as you have ninety (90) days from the date the letter is issued to file a suit. You may wish to consider contacting the Iowa Bar Association's Lawyer Referral Services at www.iabar.net

PLEASE NOTE: You are responsible for keeping State and Federal agencies notified of any changes of address or telephone numbers. Your failure to notify all agencies of changes may be considered as a failure to cooperate with the investigation. This may result in the appropriate agency closing your file and loss of your rights under the law.

Whenever contacting our office, please provide the CP# cited above.

Sincerely,

Iowa Civil Rights Commission

CC: File

**EXHIBIT**

3

Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | 04-12-62398 |
| ☒ EEOC | 440-2012-01828 |

| Iowa Civil Rights Commission | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Philip McNaught | (309) 854-2039 | 02-27-1953 |

| Street Address | City, State and ZIP Code |
|---|---|
| 711 Wilbur Street, Kewanee, IL 61443 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CPC LOGISTICS INC. | 101 - 200 | (563) 386-1688 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3690 West 83rd Street, Suite 10, Davenport, IA 52806 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | RECEIVED EEOC | |

| Street Address | City, State and ZIP Code |
|---|---|
| | FEB 1 0 2012 |

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest        Latest |
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 06-20-2011 |
| ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on or about October 9, 2000. I was employed as a Truck Driver. Respondent was aware of my disability. During my employment, Respondent provided a reasonable accommodation, which was subsequently rescinded. On or about June 20, 2012, I was discharged.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 2-7-2012   X *Philip E. McNaught* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |



Fields of opportunities

# STATE OF IOWA

TERRY BRANSTAD, GOVERNOR
KIM REYNOLDS, LT. GOVERNOR

IOWA CIVIL RIGHTS COMMISSION
BETH TOWNSEND
EXECUTIVE DIRECTOR

3/27/2013

MR. PHILIP MCNAUGHT
711 WILBUR ST
KEWANEE, IL 61443

RE: CPC LOGISTICS INC.
CP# 04-12-62398
EEOC# 440-2012-01828C

Dear MR. PHILIP MCNAUGHT:

Enclosed is the 'Right-to-Sue' letter as you requested.

Since the Right-to-Sue letter was granted, the Iowa Civil Rights Commission (ICRC) has underlined administratively closed the case cited above effective the date of this letter. ICRC will take no further action on this case.

Once the Right-to-Sue letter is granted, both parties have the right to request a copy of the file. Please be aware there is a charge for copying.

You have ninety days (90) from the date of this letter to initiate or file a lawsuit against the Respondent in District Court. If you have not retained an attorney, you may wish to contact the Iowa Bar Association's Lawyer Referral Services at www.iabar.net  A copy of the Right-to-Sue letter is being sent to Respondent(s) for their information.

Thank you for your cooperation.

Sincerely,

Iowa Civil Rights Commission

Enclosure: Right-to-Sue letter

CC: File

ICRC/636 (23C)

Administrative Release
(Letter of Right-To-Sue)

| To: | From: |
|---|---|
| MR. PHILIP MCNAUGHT<br>711 WILBUR ST<br>KEWANEE, IL 61443 | ) <br>) <br>) Iowa Civil Rights Commission<br>) Grimes State Office Building<br>) 400 E. 14th Street<br>) Des Moines, Iowa 50319 |
| Complaint CP# 04-12-62398    EEOC# 440-2012-01828C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in state district court. That action must be commenced within ninety (90) days of the issue date **3/27/2013**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Marcia Coverdale at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc:  File

CPC LOGISTICS INC.

ICRC/S36 (24)